IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | : | |
|     Petitioner | : | |
| | : | 3:15-cv-1538 |
| v. | : | |
| | : | (Judge Mariani) |
| DAVID J. EBBERT, | : | |
|     Respondent | : | |

## **MEMORANDUM**

On August 6, 2015, Petitioner, Anthony Williams, an inmate currently confined at the United States Penitentiary, in Lewisburg, Pennsylvania filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his 1997 conviction and sentence in the United States District Court for the Northern District of Florida. (Doc. 1). For the following reasons, the habeas petition will be transferred to the Northern District of Florida.

## I. **Background**

On April 8, 1997, Williams was convicted in the United States District Court for the Northern District of Florida of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e). *See United States v. Williams*, No. 4:97-cr-00009 (N.D. Fla.) at (Docs. 22, 36); *see also United States v. Williams*, 2012 WL 6055931, *1 (N.D. Fla. 2012). At sentencing, it was determined that Williams was an armed career criminal, and he was sentenced to 288 months imprisonment and five years of supervised release. *Id.* Williams

filed a direct appeal, challenging the finding that he was an armed career criminal. *Id.* On direct appeal, his conviction was affirmed. *Id.*

On March 15, 1999, Williams filed a motion for relief under 28 U.S.C. § 2255. *See United States v. Williams*, No. 4:97-cr-00009 (N.D. Fla.) at (Doc. 67). On November 1, 2000, the motion was denied. *Id.* at (Docs. 76, 78). Williams filed an appeal to the Eleventh Circuit Court of Appeals. *Id.* at (Doc. 79). On June 13, 2001, the Eleventh Circuit Court of Appeals denied a certificate of appealability. *Id.* at (Doc. 86).

Williams then filed a motion challenging his sentence pursuant to Federal Rule of Civil Procedure 60(b), which the Northern District of Florida Court construed as a petition under § 2255. *Id.* at (Doc. 92). On May 14, 2007, the petition was dismissed as a successive motion filed without leave of the appellate court. *Id.* at (Doc. 96).

On September 17, 2012, Williams filed another motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 asserting that, under *Shepard v. United States*, 544 U.S. 13 (2005), he was improperly treated as an armed career criminal. *Id.* at (Doc. 98). The United States District Court for the Northern District of Florida found that Williams could not pursue a successive § 2255 motion without authorization from the United States Court of Appeals for the Eleventh Circuit, and therefore denied the motion. *United States v. Williams*, 2012 WL 6055931. The Court found that "Williams has alleged no explanation for waiting seven years to assert a claim based on *Shepard* and no basis for his

conclusory assertion that his sentence was inconsistent with *Shepard*." *Id.* at *1.

On August 6, 2015, Williams filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. (Doc. 1).

## II. Standard of Review - Screening

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979) (Nealon, J.). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III. Discussion

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *OKereke v. United States*, 307 F.3d 117, 122-

23 (3d Cir. 2002). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." *Fraser v. Zenk*, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004), citing *United States v. Hayman*, 342 U.S. 205, 210-19 (1952).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *OKereke*, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" *Yuzary v. Samuels*, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002)). Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* Section 2255 may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the

4

habeas petition must be dismissed for lack of jurisdiction." *Id.*, citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence."). *See also United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

Williams has already filed several motions pursuant to § 2255 in the Northern District of Florida. Additionally, he has filed a request in the Eleventh Circuit seeking permission to file a second or successive § 2255 motion. However, his request for a certificate of appealability has been rejected by the Eleventh Circuit. Based on this reason alone, this Court should dismiss his petition. *See* 28 U.S.C. § 2244(a).[1] However, in the interest of justice, the Court will transfer this action to the Northern District of Florida.

In the instant petition, Williams asserts, *inter alia*, that he was improperly classified as an armed career criminal. (Doc. 1). He contends that he is entitled to relief pursuant to the United States Supreme Court's recent decisions in *Begay v. United States*, 553 U.S.

---

[1] 28 U.S.C. § 2244(a) states:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as proved in section 2255.

5

137 (2008), and *Johnson v. United States*, 135 S.Ct. 2551 (2015). (*Id.*). In *Begay*, the United States Supreme Court held that an offense must "typically involve purposeful, 'violent,' and 'aggressive' conduct" in order to qualify as an offense that "presents a serious potential risk of physical injury to another" within the meaning of the residual clause of the Armed Career Criminal Act. *Begay*, 553 U.S. at 142, 144-45. In *Johnson*, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act violates the Constitution's guarantee of Due Process due to vagueness. *Johnson*, 135 S.Ct. at 2563. Williams argues that the sentencing court erroneously interpreted the Armed Career Criminal Act and that he was sentenced beyond the statutory maximum. (Doc. 1). For relief, Williams requests that the Court vacate his sentence and release him from confinement. (Doc. 1 at 8).

As Williams is ultimately challenging his conviction and sentence from the United States District Court for the Northern District of Florida, his claims are controlled by 28 U.S.C. § 2255. *See Wallace v. Bledsoe*, 2011 U.S. Dist. LEXIS 18799 (M.D. Pa. 2011) (Jones, J.) (finding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255); *Pryce v. Scism*, 2011 U.S. Dist. LEXIS 1171, *11 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered

6

to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective). Accordingly, the instant petition will be transferred to the United States District Court for the Northern District of Florida. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...").

## IV. Conclusion

Upon review, this Court does not have jurisdiction to entertain the habeas petition. Williams' claims are governed by 28 U.S.C. § 2255 and must be filed in the court of conviction, which is the United States District Court for the Northern District of Florida. Therefore, this action will be transferred to the Northern District of Florida.

An appropriate Order follows.

Date: October ___, 2015

Robert D. Mariani
United States District Judge